FILED

05/18/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 21-0100

Pamela D. Bucy
Chief Disciplinary Counsel
P.O. Box 1099
Helena, MT 59624-1099
(406) 442-1648
pbucy@montanaodc.org

Office of Disciplinary Counsel

BEFORE THE COMMISSION ON PRACTICE OF THE

SUPREME COURT OF THE STATE OF MONTANA

* * * * * * * * * * * *

| | |
|---|---|
| IN THE MATTER OF JAMES GARDNER, | Supreme Court No. PR 21-0100 |
| An Attorney at Law, | ODC File Nos. 20-048 |
| Respondent. | **AMENDED COMPLAINT** |
| | **Rules 1.7, 3.4, and 8.4(b) MRPC** |

By leave of the Commission on Practice granted on January 7, 2021, the Office of Disciplinary Counsel for the State of Montana ("ODC"), hereby charges James Gardner with professional misconduct as follows:

### General Allegations

1. James Gardner, hereinafter referred to as Respondent, was admitted to the practice of law in the State of Montana in 2001, at which time he took the oath required for admission, wherein he agreed to abide by the Rules of Professional Conduct, the Disciplinary Rules adopted by the Supreme Court, and the highest standards of honesty, justice and morality, including but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated.

*Complaint* - Page 1

2. The Montana Supreme Court has approved and adopted the Montana Rules of Professional Conduct ("MRPC"), governing the ethical conduct of attorneys licensed to practice in the State of Montana, which Rules were in effect at all times mentioned in this Complaint.

3. On the night of July 21, 2019, Destiny Freiburg was involved in a single vehicle crash on I-15 outside of Helena, MT. Ms. Freiburg is Respondent's girlfriend and the mother of their eighteen (18) month-old child, who, with another minor child, was in Ms. Freiburg's car at the time of the crash.

4. Montana Highway Patrol Trooper Sutherland responded to the crash and began his investigation. Trooper Sutherland suspected alcohol was a factor in the crash, and the presence of the minor children made this a potential felony investigation. Respondent arrived on the scene to take custody of the two minor children. He repeatedly requested that Ms. Freiburg be allowed to bond out that night. He insisted that Trooper Sutherland call the Lewis and Clark County Attorney so that he could discuss getting her released. Standard law enforcement protocol would have required Ms. Freiburg to be booked on the felony and appear before the Lewis and Clark Justice of the Peace on Monday morning. Respondent insisted his eighteen (18) month-old child needed to nurse and refused a bottle and requested Ms. Freiburg be released from custody. Though skeptical of Respondent's claims, Trooper Sutherland facilitated a roadside conversation between Respondent and on-call Lewis and Clark Deputy County Attorney Josh Nemeth. Exercising an abundance of caution, Mr. Nemeth reluctantly agreed to have Ms. Freiburg charged with misdemeanor DUI that evening under the mutual understanding that a felony charge would be filed. Ms. Freiburg's driving privileges were suspended.

///

*Complaint* - Page 2

5. Trooper Sutherland continued his investigation, and when Ms. Freiburg refused to provide a breath or blood sample, he obtained a telephonic search warrant to conduct a blood draw. He then transported Ms. Freiburg to the Lewis and Clark County Detention Center where she was placed in the back of an ambulance for the blood draw. Respondent knocked on the door of the ambulance, stated he would be representing Ms. Freiburg, and advised her not to provide a blood sample. Trooper Sutherland informed Respondent of the search warrant. Even after review of and a brief discussion about the warrant, Respondent advised Ms. Freiburg not to comply with the court order, and she so refused. Trooper Sutherland repeatedly advised Ms. Freiburg that she had no choice but to comply, but she refused to cooperate under the advice of Respondent and was eventually placed in a restraint chair to conduct the blood draw. As a result of her continued refusal to cooperate with the search warrant, Ms. Freiburg was charged with Obstructing a Peace Officer.

6. In accordance with the mutual understanding, Ms. Freiberg was charged with felony Criminal Endangerment and several misdemeanor offenses on August 1, 2019 in Lewis and Clark County Justice Court, Case No. CR-515-2019-520. She was charged by Information on October 8, 2019, transferring the case to Lewis and Clark County District Court, Cause No. CDC-19-457.

7. On August 20, 2019, Respondent filed a Petition for Appeal of Suspension of Driver's License on behalf of Ms. Freiburg in Lewis and Clark County District Court, Cause No. ADV-19-1200, wherein he stated the DUI charge against Ms. Freiburg had been dismissed in Justice Court.

8. Based on his conduct during Trooper Sutherland's initial investigation, Respondent was charged with Obstructing a Peace Officer in Lewis and Clark County Justice Court, Case No. CR-515-2019-518. He was convicted at jury trial

*Complaint* - Page 3

on January 14, 2020 and received a 6-month deferred imposition of sentence conditioned on a $500 fine and 20 hours community service. Jury costs were imposed at hearing on February 23, 2020. Respondent filed an appeal with Lewis and Clark County District Court on March 4, 2020 (Cause No. DC-20-119). That matter was fully briefed in July 2020. On February 17, 2021, the district court denied Mr. Gardner's appeal and affirmed his conviction of Obstructing a Peace Officer.

9. The State filed a motion to disqualify Respondent as counsel in the appeal of Ms. Freiburg's suspended driver's license due to him being a witness to much of the incident on July 21, 2019 and his involvement in the investigation. The State argued that because Respondent was a witness, he could not act as Ms. Freiburg's legal counsel. On January 23, 2020, the Court concurred with and granted the State's motion to disqualify Respondent as counsel for Ms. Freiburg.

10. At Ms. Freiburg's Change of Plea hearing on April 30, 2020, the State moved to amend the Information in Count 1 from Criminal Child Endangerment, a felony, to Criminal Endangerment, a felony, and in Count 2 from Failure to Have Child Properly Restrained, a misdemeanor, to DUI *per se*, a misdemeanor. Counts 3, 4 and 5 were dismissed, and Count 6 remained as originally charged. Ms. Freiburg pled guilty to felony Criminal Endangerment, misdemeanor DUI *per se*, and misdemeanor Obstructing a Peace Officer. She received a three-year deferred sentence for felony Criminal Endangerment; a one-year sentence with all but 60 days suspended for misdemeanor DUI (served under house arrest); and a 180-day suspended sentence for misdemeanor Obstructing a Peace Officer. Attorney Brad Custer of the public defender's office represented Ms. Freiburg.

///

///

*Complaint* - Page 4

## Count One

11.    ODC realleges and incorporates paragraphs 1 through 10 of the General Allegations as if fully restated in this Count One.

12.    Respondent "unlawfully obstruct[ed] another party's access to evidence" and "counsel[ed]…another person to do any such act" by advising his client not to comply with a court ordered search warrant in violation of **Rule 3.4(a)(c), Fairness to Opposing Party and Counsel.**

## Count Two

13.    ODC realleges and incorporates paragraphs 1 through 10 of the General Allegations as if fully restated in this Count Two.

14.    Respondent's involvement in the criminal investigation of Ms. Freiburg and his representation of her at the scene, created a concurrent conflict of interest, specifically, his personal interests, which constitutes a violation of **Rule 1.7(a)(2), Conflict of Interest.** The exception to the rule is the client must give written consent for the representation.

## Count Three

15.    ODC realleges and incorporates paragraphs 1 through 10 of the General Allegations, as if fully restated in this Count Three.

16.    Respondent's inappropriate interference with the police investigation including committing a misdemeanor criminal offense of Obstructing a Peace Officer by advising Ms. Freiburg not to comply with a court-ordered search warrant constitutes a violation of **Rule 8.4(b), Criminal Acts.**

WHEREFORE, the Office of Disciplinary Counsel prays:

///

///

*Complaint* - Page 5

1. That a Citation be issued to the Respondent, to which shall be attached a copy of the complaint, requiring Respondent, within twenty (21) days after service thereof, to file a written answer to the complaint;

2. That a formal hearing be had on the allegations of this complaint before an Adjudicatory Panel of the Commission;

3. That the Adjudicatory Panel of the Commission make a report of its findings and recommendations after a formal hearing to the Montana Supreme Court, and, in the event the Adjudicatory Panel finds the facts warrant disciplinary action and recommends discipline, that the Commission also recommend the nature and extent of appropriate disciplinary action; and,

4. For such other and further relief as deemed necessary and proper.

DATED this 17th day of May, 2021.

OFFICE OF DISCIPLINARY COUNSEL

By: _____
Pamela D. Bucy
Chief Disciplinary Counsel

*Complaint* - Page 6

# CERTIFICATE OF SERVICE

I, Pamela D. Bucy, hereby certify that I have served true and accurate copies of the foregoing Other - Other to the following on 05-18-2021:

James F Gardner (Respondent)
P.O. Box 1963
Great Falls MT 59403-1963
Service Method: E-mail Delivery

Shelly Smith (Court Reporter)
Office Administrator
Supreme Court Boards and Commissions
P.O. Box 203002
301 S. Park Ave., Ste. 328
Helena MT 59624
Service Method: eService
E-mail Address: shellysmith@mt.gov

Electronically signed by Shelby Streib on behalf of Pamela D. Bucy
Dated: 05-18-2021